### HENRY W. MORROW *vs.* ALFRED TURNER.

New Castle County, February Term, 1897.

**Statute of Limitations.**—The statute of limitations proceeds upon the ground that after a certain time a debt is presumed to have been discharged, and this presumption is rebutted by subsequent acknowledgement of indebtedness, as a subsisting domain.

**Same.**—Under the saving clause of the statute of limitations which provides that if a person is out of the State when the cause of action accrued, the statute will not commence to run until such person shall come into the State in such manner that by reasonable diligence he may be served with process, it is a question for the jury under all the circumstances whether the time and manner of his return and the diligence of the plaintiff were sufficient.

**Same.**—It is not any coming into the State that will set the statute of limitations in operation; but where the debtor comes into the State openly and notori-

ously so as to be visible to all that choose to seek after him resorting to no concealment or other step to prevent his creditor's knowing of his presence and so remains that his creditor knew or under all the circumstances and by the exercise of reasonable diligence, ought to have known of his presence in the State; and remains long enough for him to sue out process which might by reason of his continued presence, have been served by the Sheriff, the act of limitations commences to run from the time of such return and reasonable opportunity for service of process, and never stops afterwards.

This was an action of assumpsit upon a promissory note. The defendant pleaded the statute of limitations; to this the plaintiff replied first, that the defendant, in less than six years had acknowledged that he owed the plaintiff the amount he sought to recover and promised the defendant to pay the same; second, that at the time when the right of action declared on, accrued to the plaintiff, the defendant was out of the State of Delaware at places unknown to him, and remained out from then to the time of commencement of this suit and did not during all of this time come into the State in such manner that by reasonable diligence he could have been served personally with process. That the first time that he did so return to the State was January 1, 1896, and that he brought the suit within six years after that time. At the trial it appeared that the defendant was out of the State during the time set forth in the replication but that he had during that time made temporary visits to the State. The facts appear in the charge.

*C. M. Curtis,* for the plaintiff.

*J. H. Rodney,* for the defendant.

MARVEL, J., (charging the jury).

This is an action of assumpsit upon a promissory note, brought March 7, 1896, by the payee, Henry W. Morrow, against the maker, Alfred Turner. The note declared on is for $100.00,

payable on demand and dated Washington, D. C., November 26, 1887.

The defendant has, among other pleas, pleaded as a bar to the plaintiff's right of recovery, the Statute of Limitations, which provides that when a cause of action arises from a promissory note, as in the present case, the action may be commenced at any time within six years from the accruing of the cause of action.

If the plaintiff had thereafter taken issue upon this plea the statute would have been a flat bar to the action if not taken out by subsequent acknowledgment, because this note was made November 26, 1887, and the right to sue the defendant accrued to the plaintiff at that time, and regularly a suit to recover this claim was barred by the statute on November 26th, 1893.

But instead of joining issue, the plaintiff replied, and in his replication to the plea and in his contentions in the trial of this case insists, in substance, that he should recover, notwithstanding that more than six years had elapsed from the time of the accruing of the action and the time of bringing the suit. First, because Alfred Turner, the defendant, did in less than six years before the bringing of this suit acknowledge that he owed the defendant the amount named in the note, for which this suit is brought to recover, and promised the defendant to pay the same. Now, the law is that even if the right of the plaintiff to sue was barred by the statute, yet if the defendant made a distinct acknowledgement of the debt sued upon as a subsisting demand against him, the plaintiff's right of action was thereby revived, and he could bring his suit at any time within six years after such acknowledgement. You can understand this when I tell you that the ground on which the statute of limitations proceeds is that after a certain time it shall be presumed that a debt has been discharged. This presumption is rebutted by the subsequent acknowledgement, because it shows that the liability has not been discharged. This acknowledgement may be in writing or by parol—that is, a verbal acknowledgement—but it must be an acknowledgement of the debt sued on as a subsisting demand against the defendant.

Evidence was offered by the plaintiff to show such acknowledgement in this case, both in writing and by parol. The defendant denied any such acknowledgement ; it is for you to say whether it was proven or not. If you believe it was proven, then, as the time of such alleged acknowledgment was within six years from the time of bringing suit, the plea of the Statute of Limitations would not avail as a defense. If, however, you believe it was not proven, then the plaintiff must rely upon the second branch of his replication, which in substance is, that at the time when the cause of action declared on accrued to the plaintiff, to wit, on the 26th day of November, 1887, the defendant was out of the State of Delaware, at place or places unknown to him, and so remained from then to the time of commencement of this suit and did not during all of said time come into the State in such manner that by reasonable diligence he could have been served personally with process. That the first time he did so return to the State was January 1st, 1896, and that he brought his action within six years after that time.

This replication is based upon the saving clause of the statute, which provides, " If at the time when a cause of action accrues against any person he shall be out of the State, the action may be commenced within the time herein limited, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process." (Section 14, Chapter 123, Revised Code, p. 889.)

Upon this replication issue was joined; and the question raised thereby is: Did the defendant, Alfred Turner, come into the State in such manner that the plaintiff in this case, by the use of reasonable diligence, could have reached him by process ?

You may, in determining this question of whether the plaintiff has exercised reasonable diligence, take into consideration the fact that the defendant was a non-resident at the time the right of action accrued, and remained a non-resident until after suit, also, all the facts and circumstances connected with the visits of the defendant; the nature and manner of his return, and length of

his stay in the State; the plaintiff's knowledge of his presence, or his opportunity of knowing that he was here, in deciding whether the plaintiff has exercised reasonable diligence.

It is plain from the very language of the saving clause of Section 14 of the statute, that it is not every coming into the State that will set the Statute of Limitations in operation; but where the debtor comes into the State openly and notoriously so as to be visible to all that choose to seek after him—resorting to no concealment or other step to prevent his creditors knowing of his presence—and so remains that his creditor knew or under all the circumstances and by the exercise of reasonable diligence, ought to have known, of his presence in the State, remaining long enough for him to sue out process which might by reason of his continued presence, have been served by the Sheriff,—the Act of Limitations commences to run from the time of such return and reasonable opportunity for service of process, and never stops afterwards.

But the plaintiff has six years from such time to begin his suit. If, therefore, you find there was such a return to the State more than six years prior to May 7th, 1896, the time of bringing this suit, then the statute operates as a bar to the action, unless taken out by a subsequent acknowledgement; but if less than six years before the bringing of the suit, it is no bar, and if you find the defendant did not so return to the State, the statute never began to operate and would avail nothing as a defense.

The defendant also sets up, as a defense that the plaintiff in consideration of services and favors rendered by him, the plaintiff, relinquished this debt. The plaintiff denies this.

He could relinquish his claim and if he did, that is an end of his action.

Whether the claim has been so satisfied or not is a question of fact for you to decide.

*Verdict for the plaintiff.*